Oh it's oh this is the telephone one I'm that's right okay I wasn't certain but I vaguely remember that. So you've done all the magic so there's somebody that's listening to us. Could that person speak up? Yes this is Chris Gale. Wow the wonders. Okay hi Chris well I'm gonna call the first case this is Judge Higginson. I'm here with Judge Willett and Judge Engelhardt. We have three cases. The first one is yours Chris and but you're and it's 24 20457 Benavides v. Harris County. Ms. Jones and you're here in person. Okay it's a little anytime you're ready. May it please the court my name is Veronica Jones and I represent Harris County the appellant in this case. Justices the district court erred in this case by denying Harris County summary judgment because there's no material fact issue and dispute as to Harris County's immunity in this case. Harris County is entitled to summary judgment and this court should reverse and render in favor of Harris County because its governmental immunity has not been waived under the Texas Tort Claims Act. Justice is the only claim before this court against Harris County today is the Texas Tort Claims Act claim for negligence arising out of a shooting where Deputy Nunez shot Benavides while responding to and investigating a home invasion. Benavides alleges Deputy Nunez shot him and alleges an assault and excessive force under 1983. Additionally Benavides also alleges a negligence claim against Harris County under the Texas Tort Claims Act regarding the exact same shooting. All of the relevant facts in this case for the injury causing action arise out of the exact same conduct and incident. So under the Texas Tort Claims Act or TTCA there is a limited waiver of immunity however there's no waiver of immunity when there's an intentional tort asserted. So in this case justices it's not about a fact issue at all but it's about a misapplication of law in which the lower court erred. I thought there were considerable disputes over what happened. Well regardless of that it's important to look at the immunity issue and look at what Texas courts state when looking at TTCA claims. So in order to plead this properly like in this instance your honor Benavides can't have it both ways. So regardless of any alleged fact issue we don't look at that. We look at what's pled and and what Benavides states in his pleading. So he can't have it both ways in his pleading. He can't plead both an intentional act under the 1983 claim and then later under the same facts arising under that then state oh I have a negligence claim for Harris County that that way. Why if if discovery came about where Nunez does say it was actually accidental why in other words Benavides isn't pleading around immunity he's just responding to the revised facts in the case. Well when we look at other cases like science excuse me it is other cases like this court has spoke about like science versus City of El Paso the court basically says we look at certain things in the pleading and the court looked at certain things in the pleading. In the science case he had alleged hey the deputy shot me and killed killed this person right and in addition to that it also stated that the court looked at the fact that in the pleading it stated that the shooting was excessive force and so in looking at that case and turning it to the facts of this case additionally you you can't do that I mean looking at the Texas Supreme Court cases in PETA as well as in Watonga as well it holds that same proposition so all of the cases that came after Watonga that came after specifically Watonga and that this court reiterated over and over in the science case in the Goodman case and I think even as recently as. Even if your point is just we have to assess it legally isn't the majority of the constellation of allegations a tragic accidental discharge in other words not not intentional. Almost everything that's being said is it was an emergency arrival at night truck in the front yard got to get in the door switches the hand and the gun fires that that sounds like a negligence case. It may be however the pleading standard is clear and I think the case law is clear on that so when we're looking at Venevita's his second amended complaint in the record and we look at on 249 the fact section on 249 going into 250 he uses those same fact sections to assert claims for not only his 1983 claim but also into his negligence claim and so he states at 249 Nunez fired at Mr. Benavidez striking him in the leg. Looking at the science case again the court said he stated the deputy pulled out his pistol shot and killed him very similarly. In Benavidez he also contends later on at 250 as a result of him being shot Mr. Benavidez was hospitalized. You we have we have a video in this case don't we? We do. Body cam. As I recall there's a several questions about what exactly the deputy was doing whether the gun accidentally discharged whether he was changing from one hand to the other whether he intentionally shot but didn't know that the victim was a permittee the father of the woman who made the 9-1-1 call. There are several factual issues and they vary between an intentional act and excessive force application and negligence. The plaintiff in this case can't plead that in the alternative? No and if we look at a case from its last year I believe Justice Higginson was on this one this panel Acosta versus Williamson County. This is a case where Acosta had alleged well in this case Acosta was at the county jail and alleged a detention officer slammed the jail cell door on his finger and there was video evidence in that case that that the court stated it's unclear what's going on here right? However in the pleading in that case Acosta pled an intentional tort against the employee and the intentional tort of excessive force for slamming that jail cell on the finger and in addition to that Acosta also asserted negligence claims under the TTCA claiming that it was negligent as well that action was by the employee was negligent as well however the court stated you know you can't have a negligence claim that arises out of the exact same conduct of the intentional excuse me intentional tort claim that's asserted and so in that case it's similar to this case I understand the questions about about the fact issue but that is not pertinent to to what we're arguing and what the issue is here at the end of the day the negligence claim is barred by the intentional tort bar under the TTCA you can't have it both ways when it comes out of the same conduct of the excessive force that's happened here so the court has or this court has looked at multiple cases in and consistently held held that standard in multiple cases we look at a Gary versus City of San Antonio Pena versus City of Rio Grande City Goodman versus Harris County I mean there's a plethora of cases where at the end of the day the court states and continues to hold there's an intentional tort bar to those negligence claims that arise out of the the same conduct and I think it's important to also look at the record site at 251 where the plaintiff pleads specifically plaintiff therefore pleads that he was unlawfully assaulted when he was shot by Nunez said actions resulted directly and only from the use of force that was clearly excessive to the need and the excessiveness of which was objectively unreasonable and the fact that he pled that looking at the science case and what that court talked about that court said hey you cannot you know state that the accidental act or the negligence claim comes from an intentional tort like excess you know arising out of excessive force like a shooting so it's very similar in that regard so I would just liken it to that so the negligence claim against Harris County does arise out of the exact same conduct that for that form that intentional tort against deputy Nunez which is the shooting so because of that we just ask that the court follow that Texas court law out of Watonga I don't think I'm pronouncing it correctly I'm sorry out of that case Gordon as well as out of PETA and see all the additional cases that this court has followed since another case that this court has recently ruled upon was Salinas versus City of Houston set 138 federal 4th 822 from 2025 and in that case a surviving spouse filed a 1983 claim for excessive force because an officer shot and killed shot her husband killed him but also at the same time a negligence claim against the county asserting that the officer used weapons negligently similar to this case how mr. Benavidez is stating that the officer negligently used his weapon and the court this court stated that at the end of the day that negligence claim asserted under the TTC a still arose out of that intentional action of excessive force under 1983 and so because of that the intentional tort bar excluded that negligence claim any questions at this your honors may I begin yes you may you know I mean when we're talking about gymnastics legal gymnastics that's what we seem to be doing in this case I mean I think it's pretty apparent from the pleadings that we had presented forward is that the county and Nunez keep flip-flopping for lack of a better term in regards to whether this is an intentional act or a negligent one and that's exactly where we find ourselves this is not a court this is not a first impression case in regards to this particular issue there's a various cases involving this court that have been decided one of which was the Hucker case but that was out of the Eastern District but more importantly this court found the exact same circumstances in the case of Lopez Rodriguez versus the city of Portland that was in 2004 the reason I know that case very well that I presented it to this court in regards to this very issue and in that case the Fifth Circuit obviously said that there was no impediment to a proper characterization of negligence when the facts may show what the officers in the course of scope of their duty were improperly or negligently used tangible personal property and caused the death and in the Lopez Rodriguez case the defendants were doing exactly the same thing as the county and Nunez are doing in this case which is asserting sort of after the fact that it was an accident that was not all of the indications in regards to the initial pleadings that we put forward we put forward the 1983 case but looking into my crystal ball and kind of knowing and foreshadowing what would happen in the future we also levied the alternative claim under the Texas TOR Claims Act initially the district court rejected that claim and dismissed it but after finding the the statements of Nunez where he in fact is stating that it was an accident we asked for the permission to have that added back in which it was approved and so that's where we were on that so I'm just you know rule 8 and the case law indicate I understand in most of the cases that they're citing the Watauga case and things of that nature the signs case you know signs was one where someone who was twitching had attacked some people he was unarmed cuffed and was of no it had no ability to do anything and I shot well that was properly in 1983 case that was an intentional act and there was no there was no assertion by anybody in the case or any of these other cases that somebody had accidentally done it but in the cases where there is a distinct set of facts that could be and I think counsel just admitted a minute ago before you that yeah it could be well if it can be and if they can believe one party or the other and the video is not which in this case it's it's not then what we've got is a pure fact issue and so the plaintiff does not have to rely upon one only to lose on the other or to pick the other and to lose on the one so that's what we have done in the regards to this case Benavides's pleadings have laid out specific facts including for intentional acts and then based on the defendants own assertions an alternative pleading under rule eight for the Texas for claims act so I don't think there's really any issue there to be discussed but we would have to you obviously denied on those grounds obviously I have a filed a motion for a plea to the jurisdiction I suppose or an objection to jurisdiction of the court in regards to this case in regards to this we would like I'd like you to consider that at some point if it's during this that's fine now going on if it's okay with the court I'd like to discuss the Texas tort claims act itself council didn't really address anything in regards to that and by their reply brief I'm kind of seeing that they have dismissed or they're withdrawing their pleadings in regards to the ownership issue in regards to the ownership of the gun now I don't know if they're also applying that to the authority to use but I think that the case was extremely clear that in regards to this case there's not really an issue in regards to ownership or the authorization or use of the weapon and issue I think the only thing comes down to it is whether this is a discretionary act and and or in regards to whether it was in good faith if that applies I had laid out some discussion in regards to whether or not some of the case under the Texas Supreme Court which should be really effective in regards to changing the statute in regards to the Texas Tort Claims Act but I don't think we really need to get there in regards to that today you know carrying a gun itself is a ministerial act it is not discretionary the cases such as signs and the other side of my counsel what's your on both issues I have a few questions this is judge Higginson when you say carrying a gun is is ministerial I'm not really understanding that because the the circumstances facing Nunez what was the 9-1-1 call so I do think that's an emergency at night sees a truck in the lawn and he's got to enter the house where in any of that is ministerial actions those seem to be highly discretionary how do you get into a where there seems to be a home invader in the callers said that she's hiding somewhere where's what where's any ministerial act in that sequence well I think first of all you got to look into the perspective that he really didn't have authorization to enter the home he was basically breaking and entering into this home no I'm just asking you to focus on what when you say it's not and what he did wasn't discretionary describe the action he took that was purely ministerial and then give me case authority that stands for that statement in regards to the weapon itself I would put it akin to the bus situation or the driving situation typically being in a car or driving I'm just I mean I'm not interrupting out of sort of hostility but do you have a case where mishandling a gun is somehow not discretionary so without turning to as I understand it Nunez is trying to open a door so he has to put the gun in the other hand what case gets even close to that is just being ministerial as opposed to highly discretionary decisions made in a nighttime an emergency I think you're looking at well you're obviously look under Texas law but you're looking at the woods versus movie case that we had cited to in our brief and the Burgess versus hot on the okay out of Fort Worth out of Fort Worth and the other one out of Houston but they're talking about you know just because there is some discretion and when you're when you're firing a weapon I agree if you're intentionally firing a weapon and you're you're have a discretionary decision to make at that point the problem of this is twofold is that that's when you're firing the weapon but if you're carrying a weapon which you're obviously you have to carry and if you're you know if you could see me I'm I'm spinning my weapon on my hand just just walking around then that would be a text or claims that case if you negligently shot somebody because you were spinning it like Billy the kid that is a minute ministerial act that was not a discretionary act it meaning that because you have a weapon and you pick up the weapon that anything you do after that fact becomes its discretionary and nature and therefore you can escape liability doesn't the show that the difficulty was how he should turn the doorknob and still brandish his firearm I mean the video to me seems fairly I mean it seems clear to me as to what happened and it seemed like a 1983 intentional act but there is a fact issue in regards to because he's saying that he didn't mean to do that and he should not have been one he should not have been opening the door that was not a discretionary act to break into this residence without any kind of warning whatsoever so in an emergency home invasion situation whether you knock and wait is not in an officer's discretion they have to knock and wait they can't go inside to help they had exigent circumstances that I think the answer might be different but in this case dr. Nunez Karen's deposition admitted that there were absolutely no exigent circumstances that would allow him to go into that door yeah remind me you know the record better but isn't it sort of like Uvalde in other words you've got a woman saying she's hiding inside and there's an intruder that's not an exigency for any police officer even alone first arrival to go in I think it depends it may depend on the circumstances but in this case where Nunez states that he did not have any exigent circumstances in other words either objectively or subjectively did he have any reason to go in there he had none so I understand you the court's point but in regards to this case he simply didn't have any exigent circumstances not even arguably and he admittedly says that he didn't so that's the premise you're starting with is that is it okay for him to go in he had no reason to have his gun brandished he had no person of interest he wasn't going in for an arrest he wasn't doing anything of that nature he was just am I right that in many ways you're moving to good faith the argument there too at least the way you briefed it depends on us agreeing there was no emergency because when I looked at the your argument it's really at pages 31 32 it's the last half of the last paragraph I mean I'm not I'm not being comical but you cite Hamlet but you don't cite any authority legal authority for the opposition that we wouldn't apply that we wouldn't apply city of Fort Worth Robinson tell Horster well in regards to tell Horster obviously that deals with an arrest case and but this is not an arrest this is at best and even the county says this was an emergency so you would have to go through the elements in regards to the worst of the test you know whether it was a serious crime the alternatives you know I thought you were just saying though this isn't an emergency I don't believe that it's an emergency but even if you believe that it was but if it's not an emergency aren't we in the world of tell Horster I don't think so I think that if you're not in the realm of an arrest and you're not in the realm of some sort of exigent circumstance that requires some sort of emergency that you're just a normal good faith analysis and as far as a good faith analysis you've got to go through the issues in regards to the seriousness of the crime and necessity for any kind of seizure or otherwise now it's interesting that the county sites and their reply brief they cite to Holland versus the city of Houston and they cite to that in this on this specific point and saying that you have to find that it was good faith belief because it was during the time that was a discretionary act when he was killed but the court in that case concluded that even if the the issue of good faith surrounded whether in fact Holland was armed or unarmed and therefore they would have been unable to make a decision only a jury could they would be precluded from making a determination on the availability of the official immunity in that case now derivative immunity applied in that it doesn't apply in this case but that's what they originally eventually found but they found that it would be up to the jury to make a decision in regards to the application of official immunity because it would make a decision in regards to what had transpired and what that he thought was at the thing and that's the curious thing we're trying to put up a square peg in a round hole because they're utilizing concepts that deal with discretionary duty and making decisions but they're not alleging that he made a decision to shoot in this case they're just they're alleging that he accidentally fired now granted at some point they were alleging that it was intentional but now they're back tracking in regards to that so I think at the end of the day as I stated in the brief is that even if we were to do these gymnastics in regards to the good faith analysis and the official immunity in the application to the county I think at the end you still have a you need to have a fact finder in regards to the what was presented to him at the time and that goes back to the motion the objection to the jurisdiction because in regards to the jurisdiction in the case you only have jurisdiction if it turns on an issue of law and that's not what we have in this case we have a multitude of facts a plethora of facts however you want to describe it but that's where we are so you're good there's there are issues of fact as to Nunez is good faith because you would apply the Wade Witts test and therefore there are issues of fact going to the risk aspect is that your argument yes I believe so you're you can continue I can't we don't have eye contact so I didn't have another question well and I think that I've kind of covered I don't know in their rebuttal what they're going to discuss in regards to the tort claims act but I think in looking at that I think I've laid out the majority of the the wall of its case in there for the good faith standard it applies so even if we agree that it is an emergency situation as the county exposes then Walder Witts would apply and Torres Porter would not and so based on that we would ask that you deny whether on the merits and or grant my motion to dismiss for lack of jurisdiction at this point or send it back to the district court who obviously put some good effort into making a determination in regards to the factual disputes in regards to this case and whether they apply to the 1983 for Nunez or they apply to the Texas Tort Claims Act either way you come around and even looking at the Holland case cited by the county itself you have fact issues that need to be resolved Thank You counsel we have rebuttal just briefly justices I just want to I guess push the argument back to what I think is the dispositive issue here which is the jurisdictional immunity here under the TTCA and the issue I don't the issue of negligence versus the intentional tort isn't material here it is that Benavides can allege that negligence claim where he also asserts that same conduct arises from that intentional tort and I also wanted to briefly address the Lopez case that opposing counsel cited that he was on this was decided well before city of Watauga versus Gordon in that case that Texas Supreme Court case has been the instructive case that this court has adhered to since it came out the Lopez case was well before and wasn't you know city of Watauga wasn't even there yet for this case to be in for this court to be instructed upon that issue fully so I did want to point that out in every case I've seen from city of Watauga versus Gordon from this court since a lot of those cases I've named all are instructive and show that negligence cannot arise from the intentional act and then just very briefly I don't think we even need to get to the official immunity argument in this case given this courts given what the court's case law but if need be I do think it's the discretionary act that occurred as far as deputy Nunez having to determine to even respond to this how he's investigating this case once he gets there the fact that even pulled out his weapon and I think it's very clear it's not a ministerial act which is typically something the courts has determined or like orders that are given to a deputy to to to play out and that's not what we have in this case this was definitely a discretionary act and then as far as the good faith is concerned I think looking at the case I cited in my brief city of Fort Worth versus Robinson that case I believe would be instructive in determining good faith here that case I think in many ways is similar to our case here or could be deemed similar to our case here in certain ways and I think the important part about good faith is we have to argue or the county has to argue argue that a reasonably prudent officer could have believed it necessary to engage in the same conduct and once that is established it's up to Benavidez he's required to offer evidence that no reasonable officer in Nunez's position could have believed the facts justify the conduct and he's just not done that and then that's assuming that we accept the tell Horster applies so we'd have to extend an arrest situation which is pretty different than a stealthy entrance at night that is true but the city of isn't a stealthy and I'm just thinking sorry interrupt but stealthy entrance seems much more like the high-speed calculation in other words officers really have to be assessing public risk exactly for the reasons of what happened here there's an innocent father on the other side of the door is dead but whereas an arrest you've got control of the situation so it makes sense that Texas laws evolved to say we don't look at risk it's a controlled situation this is much more like a high-speed case I'm just but you disagree is there a case law that extends arrest to emergency entry home entries well I didn't see that however I do think the city of Fort Worth versus Robinson to me is more similar to that this wasn't necessarily an arrest they were investigating someone and told you know gave him commands and so it wasn't technically an arrest either and the court still extended the till excuse my language tell Horster standard in that case so in my mind it's more similar to that and the court still extended that there and just very briefly as far as any jurisdictional issue that's been raised in this case as far as that's concerned this court has held in many instances that because the Texas tort claims act is immunity based that this court would have jurisdiction to hear any appeal if it's in federal court and appealed there from so I would just wonderful thank you both cases submitted here the next case of our day 24 106 44 us versus Kirschner